IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOAO TAVARES, | ) | |
| | ) | Civil Action No. |
|   Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| KENNESAW PEDIATRICS, P.C. | ) | |
| | ) | |
|   Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Joao Tavare ("Plaintiff" or "Tavares"), and files this Complaint against Defendant Kennesaw Pediatrics, P.C. ("Defendant" or "Kennesaw Pediatrics"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Kennesaw Pediatrics is a Georgia professional corporation and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From June 2, 2011 – December 14, 2013 (the relevant time period for purposes of this action) Plaintiff was employed by Defendant as a "clerk" at Defendant's medical practice. Plaintiff's primary duty in this position was

performing clerical tasks in processing medical records along with IT support tasks.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

From June 2, 2011 – December 14, 2013, while employed by Defendant, Plaintiff was paid on an hourly basis at a rate of $14-15.00 per hour.

9.

From June 2, 2011 – December 14, 2013, while employed by Defendant, Plaintiff was non-exempt from the overtime requirements of the FLSA and was therefore entitled to overtime compensation for hours he worked in excess of 40 in workweeks.

10.

From June 2, 2011 – December 14, 2013, Defendant failed to pay Plaintiff properly calculated overtime compensation for hours he worked in excess of 40 in workweeks. For example, when Plaintiff worked in excess of 40 hours in a workweek at an hourly rate of $14.86, Defendant paid Plaintiff a rate of $14 – $16.00 for overtime hours.

performing clerical tasks in processing medical records along with IT support tasks.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

From June 2, 2011 – December 14, 2013, while employed by Defendant, Plaintiff was paid on an hourly basis at a rate of $14-15.00 per hour.

9.

From June 2, 2011 – December 14, 2013, while employed by Defendant, Plaintiff was non-exempt from the overtime requirements of the FLSA and was therefore entitled to overtime compensation for hours he worked in excess of 40 in workweeks.

10.

From June 2, 2011 – December 14, 2013, Defendant failed to pay Plaintiff properly calculated overtime compensation for hours he worked in excess of 40 in workweeks. For example, when Plaintiff worked in excess of 40 hours in a workweek at an hourly rate of $14.86, Defendant paid Plaintiff a rate of $14 – $16.00 for overtime hours.

11.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

12.

From June 2, 2011 – December 14, 2013, while employed by Defendant, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the full overtime wage differential for hours he worked over (40).

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

From June 2, 2011 – December 14, 2013, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## **Count I**

## **Violations of the Fair Labor Standards Act.**

16.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

17.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

18.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

19.

Defendant's violations of the FLSA were willful and in bad faith.

20.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

21.

Defendant knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours worked over 40 in workweeks.

22.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

### IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)     Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)     Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 3rd day of June, 2014.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Joao Tavares

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile