IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOAO TAVARES, | ) | |
| | ) | Civil Action No. |
| Plaintiff | ) | 1:14-cv-01709-ODE |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| KENNESAW PEDIATRICS, P.C., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

# ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT

COMES NOW, Defendant Kennesaw Pediatrics, P.C. ("Defendant" or "Kennesaw Pediatrics") and files this Answer, Affirmative Defenses and Counterclaims (the "Answer") to the Complaint For Damages filed by Plaintiff Joao Tavares ("Plaintiff" or "Tavares"), and respectfully shows the following:

The Defendant states the following affirmative defenses:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

### Fourth Affirmative Defense

At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

### Fifth Affirmative Defense

Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

### Sixth Affirmative Defense

This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

### Seventh Affirmative Defense

In the alternative, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant for periods in which Plaintiff was not engaged to work.

### Eighth Affirmative Defense

Plaintiff is not entitled to liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to liquidated damages liability.

**Ninth Affirmative Defense**

Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

**Tenth Affirmative Defense**

To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

**Eleventh Affirmative Defense**

Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than what is required by the provisions of the FLSA.

**Twelfth Affirmative Defense**

The Plaintiff's claims are estopped by the submission of his own time records, for which Defendant compensated him for all overtime worked and claimed.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### Fourteenth Affirmative Defense

Some or all of Plaintiff's claims are or may be barred by the doctrines of payment, setoff, accord and satisfaction and/or release.

### Fifteenth Affirmative Defense

Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### Sixteenth Second Affirmative Defense

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

### Seventeenth Affirmative Defense

On information and belief Plaintiff's Complaint for Damages is or may be barred because (i) Tavares performed domestic services (e.g., house cleaning, dog feeding and walking, grocery shopping, errands) for Mark A. Long, M.D., the owner and Medical Director of Defendant at least one day per week (and was not typically present in the office on Thursdays) plus miscellaneous errands during the week, (ii) Tavares lived in the very nice garage apartment (servant's quarters) that is part of Dr. Long's residence, without paying rent or other charge, (iii) Tavares was paid straight time by Kennesaw Pediatrics for time he himself recorded into

Kennesaw Pediatrics' on-line time tracking system (and was also occasionally paid overtime at time and one half through this system), (iv) Tavares was paid straight time for work he performed for Dr. Long pursuant to written invoices he himself prepared and submitted, and (v) Section 13(b)(21) of the FLSA provides an exemption from the overtime requirement (but not the minimum wage requirement) for employees who reside in the private home where they work.

### Eighteenth Affirmative Defense

On information and belief Plaintiff's Complaint is or may be barred because Plaintiff is a joint employee of Dr. Long and Defendant and Plaintiff is not entitled to time and one-half for domestic work performed for Dr. Long.  See U.S. Department of Labor, Wage and Hour Division, Fact Sheet #79E.

### Nineteenth Affirmative Defense

On information and belief, even if we assume for purposes of argument that Plaintiff is entitled to overtime on time he worked in excess of 40 hours per week for Defendant and Dr. Long, Plaintiff's Complaint is or may be barred because Defendant provided facilities to Tavares whose cost (and fair value) exceeds the amount of overtime Plaintiff can claim.  These facilities include room, board, electricity, telephone, and internet facilities.  Section 3(m) of the FLSA, 29 C.F.R. §531.2, § 531.27(b) ("Thus, in determining whether he has met the minimum wage

and overtime requirements of the Act, the employer may credit himself with the reasonable cost of such board, lodging, and other facilities customarily furnished by him to his employees . . .").

### Twentieth Affirmative Defense

On information and belief Plaintiff intentionally, fraudulently, wrongfully, negligently, mistakenly, incorrectly or accidentally reported through Defendant's on-line time tracking system that Plaintiff worked on Thursdays for Defendant. Defendant's employees confirm that Plaintiff did not work on Thursdays for Defendant; Plaintiff had that day off from Kennesaw Pediatrics (with a possible rare exception to be determined through discovery).  Consequently, once these hours are deducted, Plaintiff's overtime claim fails (because Tavares did not work overtime) .  Plaintiff cannot recover for hours not actually worked.

### Twenty-first Affirmative Defense

On information and belief for at least some Thursdays when Tavares was supposed to be cleaning Dr. Long's house, instead of actually cleaning the house himself, he hired a cleaning crew to clean the house.  The Defendant and Dr. Long had no idea this was happening and only recently discovered it through talking with two other service providers who were present on Thursdays at Dr. Long's house.  On these days not only did Tavares falsely report that he was working for

Defendant Kennesaw Pediatrics on Thursdays, he was not even working at Dr. Long's house.  On information and belief Plaintiff's Complaint is or may be barred by fraud, because Plaintiff falsified his time records and did not work the hours claimed.

### Twenty-second Affirmative Defense

NOW COMES Defendant Kennesaw Pediatrics, P.C. and responds to the specific allegations in Plaintiff's Complaint for Damages as follows:

### I.     Nature of the Complaint

1.

Defendant admits that Plaintiff has filed the Complaint For Damages but denies the remainder of paragraph 1 of the Complaint for Damages.

2.

Defendant admits the allegations in paragraph 2 of the Complaint for Damages.

### II.     Jurisdiction and Venue

3.

Defendant admits the allegations in paragraph 3 of the Complaint for Damages.

4.

Defendant admits the allegations in paragraph 4 of the Complaint for Damages.

### III.   Parties and Facts

5.

Defendant admits the allegations in paragraph 5 of the Complaint for Damages.

6.

Defendant admits that Tavares worked for Kennesaw Pediatrics between June 2, 2011 and December 14, 2013 but denies the remaining allegations in paragraph 6 of the Complaint for Damages.  On information and belief Tavares was responsible for Defendant's Information Technology (IT) function and cannot be properly described as a clerk.

7.

Defendant admits the allegations in paragraph 7 of the Complaint for Damages.  Defendant treated Plaintiff as an employee through its pay-roll system for services performed for Kennesaw Pediatrics.  With respect to hours billed under the name of Joao Fiori, which services were supposed to be exclusively for Dr. Long, Defendant believed that Plaintiff was an independent contractor.

8.

Defendant admits from June 2, 2011 to December 14, 2013 Defendant paid Tavares $14.50 per hour, recorded by Mr. Tavares through Kennesaw Pediatrics' on-line, self-reporting payroll system, and paid Tavares $16.50 per hour on separate paper invoices submitted by Mr. Tavares, under the name of Joao Fiori.

9.

Admitted. On information and belief Tavares was responsible for Defendant Information Technology (IT) function and would qualify as exempt but for the rate of his hourly wage.

10.

Denied. Defendant admits that it paid Tavares $14.50 an hour for work he performed for Defendant (and for some work he recorded into the on-line time tracking system but did not actually perform) and paid him $16.50 an hour on behalf of Dr. Long for household and other services Tavares performed for Dr. Long.

11.

Admitted.

12.

Defendant denies the allegations in paragraph 12 of the Complaint for Damages.

13.

Admitted.

14.

Defendant admits that it is subject to the FLSA and to 29 U.S.C. § 207. However, 29 U.S.C. § 204 appears to have no relevance to this case or to Defendant, and Defendant accordingly denies that it is subject to it.

15.

Defendant denies the allegations in paragraph 15 of the Complaint for Damages.

## Count 1

## Violations of the Fair Labor Standards Act

16.

Defendant incorporates by reference paragraphs 1 – 15 of this Answer and denies those allegations therein denied.

17.

Defendant denies the allegations in paragraph 17 of the Complaint for Damages.

18.

Defendant admits that Plaintiff has filed suit pursuant to the FLSA, 29 U.S.C. §216, and seeks to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.  Defendant denies that Plaintiff is entitled unpaid overtime wages, liquidated damages, attorneys' fees or the costs of this litigation.

19.

Defendant denies the allegations in paragraph 19 of the Complaint for Damages.

20.

Defendant denies the allegations in paragraph 20 of the Complaint for Damages.

21.

Defendant denies the allegations in paragraph 21 of the Complaint for Damages.

22.

Defendant denies the allegations in paragraph 22 of the Complaint for Damages.

23.

Defendant denies that Plaintiff is entitled to the relief requested under IV Prayer for Relief and further denies any allegations therein.

## COUNTERCLAIMS

NOW COMES Defendant and Plaintiff in Counterclaims Kennesaw Pediatrics and asserts counterclaims for fraud and attorneys fees and respectfully shows the Court the following:

### Jurisdiction and Venue of Counterclaims

24.

Tavares is subject to the jurisdiction and venue of this Court under 28 U.S.C. § 1367 because Tavares brought his action in the United States District Court, Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1332, his cause of action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the Court has supplemental jurisdiction over Kennesaw Pediatrics' counterclaims for fraud and attorneys fees because they arise out of a common nucleus of operative fact.  28 U.S.C. § 1367.

25.

Kennesaw Pediatrics' counterclaims are compulsory counterclaims under Rule 13 of the Federal Rule of Civil Procedure because (i) they arise out of the transaction or occurrence that is the subject matter of the opposing party's claim

and (ii) does not require adding another party over whom the Court cannot acquire jurisdiction.

### The Facts Related to Counterclaims

26.

Kennesaw Pediatrics incorporates by reference the facts stated in the Affirmative Defenses and in paragraphs 1 – 25 of this Answer.

27.

On information and belief Tavares typically recorded time for Thursdays through Kennesaw Pediatrics' on-line time reporting system, reporting that he worked for Kennesaw Pediatrics on Thursdays (in 2011 and 2012 regularly, in 2013 irregularly).

28.

On information and belief, Tavares did not perform work for Kennesaw Pediatrics on Thursday and was not present at the office.

29.

On Thursdays, Tavares was supposed to be cleaning Dr. Long's house.

30.

On information and belief, on Thursdays, as witnessed by two service providers for Dr. Long present at Dr. Long's house, Tavares was not cleaning Dr.

Long's house but rather had hired other people (a Brazilian couple) to clean the house. One witness at the house reports seeing Tavares hanging out at the pool on Thursdays and, when the witness asked Tavares where he was going, recalls him saying, 'to the gym.' Sometimes Tavares was not present at the house.

31.

Dr. Long had previously instructed Tavares not to let anyone in his house without his express permission.

32.

Tavares basically took advantage of Dr. Long and billed him for time never worked.

33.

On information and belief, Tavares also stole about $7,000 - $10,000 from a safe in Dr. Long's house and also removed records from Defendant's office for the period of 2006 to 2008 (the paper folder for Joao Fiori is empty).

34.

**Counterclaim Count 1**

Kennesaw Pediatrics incorporates by reference the facts stated in the Affirmative Defenses and in paragraphs 1 – 33 of this Answer.

35.

Tavares knowingly falsified his time records by reporting he was working for Kennesaw Pediatrics on Thursday when he was not working at all.

36.

Tavares knew that Defendant would rely upon the time records Tavares prepared as being true and accurate and he knew that Defendant would pay him based on those records.  Tavares also knew that Defendant did not monitor his hours claimed and, because Dr. Long viewed Tavares as a friend, Tavares knew Dr. Long would be easy to deceive.  Defendant did in fact reasonably rely on those records.

37.

Kennesaw Pediatrics is entitled to recover the amount of fraudulently reported time and damages related thereto, in an amount to be proven.

**Counterclaim Count 2**

38.

Kennesaw Pediatrics incorporates by reference the facts stated in the Affirmative Defenses and in paragraphs 1 – 37 of this Answer.

39.

Because Tavares intentionally deceived and defrauded Kennesaw Pediatrics and Dr. Long by falsifying his time records that caused injury and damages, Kennesaw Pediatrics is entitled to recover its attorneys' fees and expenses.

## PRAYER FOR RELIEF

Defendant and Plaintiff in Counterclaims Kennesaw Pediatrics, P.C. respectfully requests the following relief:

1. Grant Kennesaw Pediatrics a trial by jury as to all triable issues of fact;

2. Enter a judgment against Tavares for fraudulently reported time with damages in an amount to be proved;

3. Enter a judgment against Tavares on his Fair Labor Standards Act causes of action;

4. Deny Tavares the relief requested in subparagraphs (A) through (E) as set forth in the Prayer for Relief in the Complaint for Damages;

5. Award Kennesaw Pediatrics reasonable attorneys' fees and expenses; and

6. Award Kennesaw Pediatrics such further relief as may be just and proper.

Respectfully submitted, this 2nd day of July, 2014.

/s/Carl L. Sollee
Carl L. Sollee
Sollee Law, LLC
Ga. Bar No. 000242
1376 Sheffield Drive NE
Atlanta, GA 30329
Telephone: (404) 633-8223
Fax: (678) 623-0875
carl@solleelaw.com

Counsel for Defendant and
Plaintiff in Counterclaims
Kennesaw Pediatrics, P.C.

IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOAO TAVARES,   ) | |
| ) | Civil Action No. |
| Plaintiff   ) | 1:14-cv-01709-ODE |
| ) | |
| v.   ) | |
| ) | |
| KENNESAW PEDIATRICS, P.C.,   ) | |
| ) | |
| Defendant   ) | |
| ) | |
| _____) | |

**CERTIFICATE OF SERVICE**

This is to certify that I electronically filed this Answer and Counterclaims for Damages with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the following attorneys of record:

Amanda A. Farahany
V. Severin Roberts
Barrett & Farahany, L.P.
1100 Peachtree Street
Suite 500
Atlanta, GA 30309

On this 2nd day of July, 2014.

/s/Carl L. Sollee
Carl L. Sollee

18

>Sollee Law, LLC
>Ga. Bar No. 000242
>1376 Sheffield Drive NE
>Atlanta, GA 30329
>Telephone: (404) 633-8223
>Fax: (678) 623-0875
>carl@solleelaw.com
>
>Counsel for Defendant and
>Plaintiff in Counterclaims
>Kennesaw Pediatrics, P.C.