IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOAO TAVARES,                     )<br>                                                  )<br>   Plaintiff,                              )<br>v.                                            )<br>                                                  )<br>KENNESAW PEDIATRICS, P.C.  )<br>                                                  )<br>   Defendant.                           )<br>                                                  )<br>_____ ) | Civil Action No. 1:14-cv-1709<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF JOAO TAVARES' ANSWER TO DEFENDANT KENNESAW PEDIATRICS, P.C.'S COUNTERCLAIMS

**COMES NOW** Plaintiff Joao Tavares (hereinafter "Counterclaim Defendant" or "Tavares"), by and through undersigned counsel, and files his Answer to Defendant Kennesaw Pediatrics, P.C.'s ("Defendant" or "Kennesaw Pediatrics") Counterclaims.

### Counterclaim Defendant's Affirmative Defenses

### FIRST DEFENSE

To the extent not already specifically addressed below, Tavares denies each and every allegation not expressly admitted herein.

**SECOND DEFENSE**

Defendant's Counterclaims fail in whole or in part to state a claim upon which relief may be granted by this Court.

**THIRD DEFENSE**

Defendant's Counterclaims are barred because of illegality in that it is unlawful to file a retaliatory counterclaim to an FLSA complaint.

**FOURTH DEFENSE**

Defendant's Counterclaim is barred in whole or in part to the extent Defendant failed to mitigate its damages.

**FIFTH DEFENSE**

Tavares reserves the right to assert additional defenses which may become known or relevant during the course of discovery.

Subject to the above-stated defenses, Tavares answers the specific allegations of the Counterclaims:

24.

Tavares denies that the Court has supplemental jurisdiction over Defendant's counterclaims on grounds that Defendant's counterclaims do not arise from the same case or controversy as the Plaintiff's claims in his original Complaint. However, contemporaneous to this filing, Plaintiff is amending his Complaint to

add a claim for retaliation under the Fair Labor Standards Act on grounds that Defendant's counterclaims are frivolous and have been filed to retaliate against Tavares for engaging in protected activity. Except as expressly admitted above, Tavares denies all other allegations in Paragraph 24 of the Counterclaim.

25.

Denied.

26.

Plaintiff incorporates by reference, as if fully set forth herein, his answers to Paragraphs 24 and 25 of the Counterclaim.

27.

Plaintiff denies that he "typically" recorded time for Thursdays through Kennesaw Pediatrics' on-line time reporting system. Plaintiff did perform work at Defendant's office on some Thursdays during his employment with Kennesaw Pediatrics and recorded his time when he performed such work. Except as expressly admitted above, Tavares denies all other allegations in Paragraph 27 of the Counterclaim.

28.

Plaintiff did perform work at Defendant's office on some Thursdays during his employment with Kennesaw Pediatrics. Except as expressly admitted above,

Tavares denies all other allegations in Paragraph 28 of the Counterclaim.

29.

Plaintiff admits that, while not part of his employment with Kennesaw Pediatrics, Plaintiff cleaned Dr. Mark Long's home on some Thursdays. On more than one occasion Dr. Long directed Tavares to arrange to have a third party of Tavares' choosing to clean Dr. Long's home. Except as expressly admitted above, Tavares denies all other allegations in Paragraph 29 of the Counterclaim.

30.

For a period of time, Plaintiff lived with Dr. Long in the same residence. On more than one occasion Dr. Long directed Tavares to arrange to have a third party of Plaintiff's choosing to clean Dr. Long's home. Plaintiff admits that Dr. Long discussed with Tavares his desire that Plaintiff not have personal friends in the house without Dr. Long's permission. Plaintiff admits that there were occasions in which third parties cleaned Dr. Long's home and there were occasions when Tavares cleaned Dr. Long's home. Plaintiff denies that there were any directives from Dr. Long that prohibited Plaintiff from arranging to have third parties clean Dr. Long's home.

31.

On more than one occasion Dr. Long directed Tavares to arrange to have a third party of Plaintiff's choosing to clean Dr. Long's home. Plaintiff admits that Dr. Long discussed with Tavares his desire that Plaintiff not have personal friends in the house without Dr. Long's permission. Plaintiff denies that there were any directives from Dr. Long that prohibited Plaintiff from arranging to have third parties clean Dr. Long's home.

32.

Denied.

33.

Plaintiff denies taking any money from anywhere in Dr. Long's home, including Dr. Long's safe. Plaintiff has ordinary records of his employment in his possession to which he is entitled to possess.

34.

Plaintiff incorporates by reference, as if fully set forth herein, his answers to Paragraphs 24 through 33 of the Counterclaim.

35.

Denied.

36.

Denied. Defendant did monitor Plaintiff's work hours and Plaintiff reported his work hours to Defendant.

37.

Denied.

38.

Plaintiff incorporates by reference, as if fully set forth herein, his answers to Paragraphs 24 through 37 of the Counterclaim.

39.

Denied.

WHEREFORE, having fully answered, Counterclaim-Defendant respectfully prays that:

(a) Kennesaw Pediatrics, P.C. recover nothing and that Defendant's counterclaims be dismissed with prejudice;

(b) Judgment be entered in favor of Tavares;

(c) All costs, including Tavares' attorneys' fees and expenses, be borne by Kennesaw Pediatrics, P.C.; and

(d) The Court grant Tavares all other relief that this Court deems just and proper.

This 11th day of July, 2014.

                                             **BARRETT & FARAHANY, LLP**

                                             /s/ V. Severin Roberts
                                             Amanda A. Farahany
                                             Georgia Bar No. 646135
                                             V. Severin Roberts
                                             Georgia Bar No. 940504
                                             Attorneys for Plaintiff Joao Tavares

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
vsroberts@bf-llp.com
amanda@bf-llp.com
ben@bf-llp.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **PLAINTIFF JOAO TAVARES' ANSWER TO DEFENDANT KENNESAW PEDIATRICS, P.C.'S COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 11th day of July, 2014.

                                                            By:  s/V. Severin Roberts
                                                                    V. Severin Roberts
                                                                    Georgia Bar No. 940504

BARRETT & FARAHANY, LLP
1100 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309