IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOAO TAVARES,            ) | |
| ) | Civil Action |
|   Plaintiff,            ) | No. 1:14-cv-1709-ODE |
| v.            ) | |
| ) | |
| KENNESAW PEDIATRICS, P.C.            ) | JURY TRIAL DEMANDED |
| ) | |
|   Defendant.            ) | |
| ) | |
| _____            ) | |

**PLAINTIFF JOAO TAVARES' FIRST AMENDED COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Joao Tavare ("Plaintiff" or "Tavares"), and files this Amended Complaint against Defendant Kennesaw Pediatrics, P.C. ("Defendant" or "Kennesaw Pediatrics"), and shows the following:

### I.     Nature of Amended Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant. Plaintiff also seeks damages, attorney's fees and costs under the FLSA for Defendant's unlawful retaliation against him.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Kennesaw Pediatrics is a Georgia professional corporation and resides in this district.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.    Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From June 2, 2011 – December 14, 2013 (the relevant time period for purposes of this action) Plaintiff was employed by Defendant as a "clerk" at Defendant's medical practice. Plaintiff's primary duty in this position was

performing clerical tasks in processing medical records along with IT support tasks.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

From June 2, 2011 – December 14, 2013, while employed by Defendant, Plaintiff was paid on an hourly basis at a rate of $14-15.00 per hour.

9.

From June 2, 2011 – December 14, 2013, while employed by Defendant, Plaintiff was non-exempt from the overtime requirements of the FLSA and was therefore entitled to overtime compensation for hours he worked in excess of 40 in workweeks.

10.

From June 2, 2011 – December 14, 2013, Defendant failed to pay Plaintiff properly calculated overtime compensation for hours he worked in excess of 40 in workweeks. For example, when Plaintiff worked in excess of 40 hours in a workweek at an hourly rate of $14.86, Defendant paid Plaintiff a rate of $14 – $16.00 for overtime hours.

11.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

12.

From June 2, 2011 – December 14, 2013, while employed by Defendant, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the full overtime wage differential for hours he worked over (40).

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

15.

From June 2, 2011 – December 14, 2013, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

16.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

17.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

18.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

19.

Defendant's violations of the FLSA were willful and in bad faith.

20.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

21.

Defendant knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours worked over 40 in workweeks.

22.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## Count II

### Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

23.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set

forth herein.

24.

On June 3, 2014, Plaintiff filed his Complaint in this action, alleging, *inter alia*, that Defendant violated the FLSA by failing to pay Plaintiff proper overtime compensation for hours he worked in excess of 40 hours in given workweeks.

25.

On July 2, 2014, Defendant, in bad faith, filed frivolous counterclaims against Plaintiff. Specifically, Defendant, in bad faith, attempts to assert claims for fraud and attorney's fees against Tavares.

26.

The alleged basis for Defendant's fraud and attorney's fees claims is Defendant's contention that Plaintiff stole $7,000-10,000 dollars from a safe inside Dr. Mark Long's home, and that Plaintiff allegedly reported hours he did not work on Defendant's office timekeeping system.

27.

Plaintiff stopped working for Defendant in December 2013 and has not been to Dr. Long's home since December 2013.

28.

On May 21, 2014, Defendant received notice that Tavares had retained

counsel for his FLSA claim.

29.

Defendant claims that Dr. Long first discovered money missing from his safe after May 21, 2014.

30.

Defendant now claims that $7,000 – 10,000 Dr. Long alleges to have discovered was missing more than four months after Plaintiff left Defendant's employment was stolen by Plaintiff.

31.

The theft of more than $500 is a felony in Georgia and therefore Defendant has accused Plaintiff of committing a felony in verified pleadings in federal court.

32.

Tavares did not take $7,000 -10,000 from Dr. Long's safe or anywhere in Dr. Long's home or Defendant's office.

33.

Defendant filed its frivolous counterclaims against Plaintiff in retaliation for Plaintiff's protected activity under the FLSA, i.e. Plaintiff's filing an FLSA claim against Defendant.

34.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

35.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

36.

Defendant is a "person" under the FLSA and is prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

37.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

38.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

39.

Defendant's violations of the FLSA were willful and in bad faith.

40.

Defendant's counterclaims lack a reasonable basis in fact or law.

41.

Plaintiff engaged in statutorily protected activity under the FLSA by opposing an employment practice he believed was unlawful under the FLSA, e.g. by filing the instant lawsuit alleging claims against Defendant under the FLSA.

42.

Plaintiff suffered an adverse action as a result of his statutorily protected conduct, *to wit*: Defendant has filed frivolous counterclaims against Plaintiff.

43.

Defendant's filing of frivolous counterclaims was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

44.

Plaintiff's statutorily protected activity was the motivating factor in Defendant's decision to file a frivolous counterclaim.

45.

As a direct and proximate result of the retaliation, Plaintiff has sustained financial losses for which he is entitled to recover from Defendant.

46.

The conduct engaged in by Defendant was intentional, humiliating, and showed willful misconduct, malice and reckless disregard for Plaintiff's rights under the FLSA.

47.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 11th day of July, 2014.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Joao Tavares

1100 Peachtree Street
Suite 500
Atlanta, GA 30309

(404) 214-0120
(404) 214-0125 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Plaintiff Joao Tavares' First Amended Complaint** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 11th day of July, 2014.

By: s/V. Severin Roberts<br>
V. Severin Roberts<br>
Georgia Bar No. 940504

BARRETT & FARAHANY, LLP
1100 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309